## COLLINS & AL. vs. ANDREWS.

A contract, by which a tutor agrees to pay interest on a claim due by the minor, on being allowed a longer term of credit, is not void, but voidable.

APPEAL from the court of the fifth district.

MATTHEWS, J. delivered the opinion of the court. This suit is instituted to compel the defendant to render an account of his management of the succession of Luke Collins, as

agent of the plaintiffs, with the power and privileges of a curator. The accounts by him rendered, with evidence to support them, were submitted to referees, whose report was adopted by the district court as the basis of its judgment, and being in favor of the defendant, the plaintiffs appealed.

Several exceptions were filed against the statement made by the referees, which were overruled by the court below. The objections to the report were founded on matters of fact; and as the facts of the cause do not come up on the record, they cannot be regularly noticed by this court.

The case presents two principal questions of law. The first relates to the legal effects of an instrument of compromise and mortgage entered into by the widow on her own account, and that of the heirs of her deceased husband, as their tutrix by nature, with the creditors of the estate. By the provisions of this act, time was allowed for the payment uf the debts, and a mortgage taken on the property of the succession to secure their payment, according to the terms agreed on, together with interest and damages which might result from non-performance on the part of the obligors.

Western Dis't
*Sept*, 1827.

COLLINS
& AL.
*vs.*
ANDREWS.

And if the miror is not injured by it, the contract will not be set aside.

It is the duty of an agent to prove those facts which will discharge him from responsibility in not collecting debts put into his hands for collection.

Western Dist
*Sept,* 1827.

COLLINS &
AL.
*vs.*
ANDREWS.

The second question arises out of a failure on the part of the defendant to collect a part of the debts due to the succession, resulting from a sale of the property thereof, effected for the purpose of making payment to its creditors.

There is also a subsidiary question as to the right of the creditors to recover interest, after full and final payment to their agent of the principal debts.

Previous to entering into the consideration of these questions, it is proper to give a short history of the case: Luke Collins died owing considerable debts to several persons; at the time of his death, it seems to have been considered that his succession could not have been sold, unless at a price less than its real value; and for this reason, his widow, in her own right as a partner in acquests and gains, and as tutrix of her minor children, entered into the agreement above stated with the creditors of the community. Having failed to meet the payment of the sums therein stipulated, on the terms prescribed, the property of the succession was sold by the consent of all persons concerned therein, widow, heirs and creditors: and the defendant was appointed by the widow

and heirs to collect the amount for which the property sold on certain terms of credit, and was also empowered by the creditors to receive and hold the money thus collected in discharge of their claims against said community or succession.

Western Dist.
Sept 1827.

COLLINS
& AL.
vs.
ANDREWS.

As to the first of these questions, proposed arising out of the act of mortgage made in favor of the creditors by the widow of L. Collins, so far as it affects the rights of her minor children, considered exclusively as a compromise respecting their rights, being entered into without the authority required by law, it was perhaps null and void, *ab initio. See Old Civil Code, p. 70, art.* 65 *& 10. Martin,* 726. But a tutor may pay the debts of a succession under his management, and in rendering an account of the position of his affairs to the heirs, such payments would certainly be properly placed to his credit. In the instance before the court, the tutrix, by agreement, prolonged the time of payment, evidently with the intention of benefitting her minor children by preventing a sacrifice of their father's estate, and her own property as partner in the community.

The act, it is believed, may be viewed as one entered into by the tutrix in relation to the pay-

WesternDist.
*Sept., 1827.*

COLLINS &
AL.

*vs.*
ANDREWS.

ment of debts, justly owing and due, from the succession of the intestate; thus viewed, it is not absolutely void, but only voidable, on shewing injury to the minors.

Now the facts of the case, so far as exhibited by the record, shew that no damage occurred to the estate of the minors, in consequence of the postponement of the payment of the debts due from the inheritance. Time was obtained on condition of paying legal interest, on failure of payment at the periods stipulated in the contract; opposed to such interest, was the probable profits of the estate, until it was sold, which may fully be presumed to have equalled the rate of interest payable on the debts. *Febrero, p.* 2, *lib.* 2, *cap.* 3, *s.* 2, *Nos.* 61, 62, & 63.

In relation to the right of the creditors to recover interest, the principal being satisfied, it suffices to observe, that the whole amount, both principal and interest, of their claims having been paid into the hands of their agents; if the interest were legally due at the time the money was thus received it was imputable to the payment of interest, which was consequently paid simultaneously with the principal.

The second question is in relation to a bill
of exceptions taken to the opinion of the judge
*a quo,* by which he required the plaintiffs to
prove negligence on the part of the defendant
in not recovering two debts, amounting to 880
dollars, due to the succession of L. Col-
lins. The authorities on this subject have the
appearance of variance; but we are inclined
to think the court below erred in throwing the
burthen of proof on the plaintiffs. It is, in our
opinion, incumbent on the defendant to shew
the occurrences which prevented him from
collecting the sum of 740 dollars from Ligot,
and 140 dollars from Moore; or, in other
words, to shew due diligence. *See* 11 *Martin,*
190 *& Seq.*

As the defendant may have been prevented
by this erroneous opinion from proving his dil-
igence in endeavoring to collect these sums, it
is proper to send the cause back for a new tri-
al.

It is therefore ordered, adjudged and de-
creed that the judgment of the district court
be annulled, avoided and reversed; and that
the case be remanded for a new trial, with in-
structions to the court below to require the de-

Western Dist
Sept 1827.

fendant to prove diligence: and the appellant pay costs of appeal.

*Todd* and *Simon* for the plaintiffs, *Brownson* and *Bowen* for the defendant.